## NICK KEES v. FRED CHRISTENSEN.[1]

January 2, 1914.

Nos. 18,344—(154).

**Farm lease—evidence of custom excluded.**

1. A lease of farm land construed and *held* definitely to fix the duration thereof, and that evidence tending to show a custom in respect to the date of the termination of such leases was properly excluded by the trial court.

**Extension of lease—evidence.**

2. *Held* further that the evidence was insufficient to sustain the claim that a payment of more than was due for the last two months of the tenancy operated to extend the lease for the period of another year.

Action in the municipal court of Minneapolis for the restitution of certain premises. The case was tried before C. L. Smith, J., who at the close of the testimony denied defendant's motion for a directed verdict and directed a verdict in favor of plaintiff. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

[1] Reported in 144 N. W. 766.

*Wilson, Mercer, Swan & Stinchfield,* for appellant.
*Dowdall & Williams,* for respondent.

BROWN, C. J.

This cause comes to this court on an appeal by defendant from a judgment for plaintiff in forcible entry proceedings had before the court below.

The facts are in brief as follows: About the seventh day of May, 1909, plaintiff leased to defendant certain farm land at the agreed annual rent of $480, payable in monthly instalments, and the tenancy was continued from year to year until the year 1913. Though defendant entered into the possession of the premises under the original letting about May 10, 1909, the rent-paying period commenced on the fifteenth of that month, and he regularly thereafter paid the rent at about that date each month. On March 15, 1913, plaintiff, desiring to end the tenancy, duly gave to defendant notice to vacate the premises. Defendant refused to vacate and this proceeding followed, having been commenced on May 28, 1913.

1. There was no controversy on the trial concerning the service of the notice to quit. It was served on March 15, on the theory that the lease expired on May 15 following. It is contended by defendant that the term of the lease in fact expired in March, and therefore that the notice to vacate was insufficient. In support of this position defendant offered to show that by common custom yearly leases of farm property, where no specified date is fixed by the contract, terminate and end between March 1 and April 1. This evidence was excluded by the court on the theory, as we understand the record, that the date of termination of this lease was definitely fixed by the contract and, therefore, that the custom in the case of a lease which is silent upon the question, had no application. In this view we concur. The contract was entered into about the seventh of May, and, according to the testimony of defendant, was for the lease of the premises for one year with a monthly payment of rent. He also testified that the first payment of rent was made on May 15, and was subsequently paid each month about that date. He further testified that subsequent to the first year the lease was continued,

running from year to year on the same terms. Other evidence tended only to confirm defendant's testimony, and to the effect that the tenancy commenced on May 15, and continued on from year to year as a yearly tenancy. It was therefore a definite contract with no uncertainty or ambiguity as to the time of the expiration thereof, and the custom invoked by defendant is inapplicable. The evidence was clear and there was nothing to submit to the jury upon the question and the court properly disposed of it as a matter of law.

It is further contended that, by reason of the facts presently to be stated, there was by operation of law an extension of the lease for the further period of a year from March, 1913, and that the trial court erred in not so holding. This contention is without special merit. The facts upon which it is founded are not in dispute and as follows: Some time in February, 1913, some negotiations were had between the parties, looking to an extension of the lease for another year. But no agreement or understanding was ever reached. It is claimed that the plaintiff agreed to an extension, on the understanding that a new barn should be constructed on the premises, but it is conceded that defendant did not accept the offer. A few days thereafter plaintiff offered to extend the term at an increase of $100 in the rent, and it is conceded that defendant did not accept this offer. A few days later he made an offer of acceptance when plaintiff replied that he was too late, and that the premises had been leased to another person. This ended all negotiations looking to an extension. However, on March 15, the day on which notice to vacate was issued, defendant paid to plaintiff the sum of $48.34, as and for the rent then due. This was $8.34 more than was in fact due, and plaintiff refused to accept more than $40, the actual amount due. The reason prompting defendant to make this overpayment seems to have been a claim that he was entitled to an extension of the lease at the rate of $580 per year, and he made known his claim in this respect when he made the payment, and when plaintiff declined to retain more than $40, the amount due under the original contract, defendant reminded him that he must accept the whole amount or take "none of it." The same payment was made on April 15, and the same refusal of plaintiff to accept more than was actually due

him; the surplus on this occasion, defendant having refused to accept it back, was placed in plaintiff's safe for him.

The contention that the facts stated justify the conclusion that by the transaction plaintiff waived the notice to vacate and in legal effect consented to an extension of the lease for another year, does not require extended discussion. It is obvious that a tenant cannot in this manner force from the landlord a renewal of the contract. The plaintiff had the undoubted right to retain the money actually due him for rent under the original contract, and the balance of the overpayment was, on defendant's refusal to accept it, properly held subject to his order. Under the original contract the tenancy did not terminate until May 15, and there was due from defendant the sum of $40 for each of the months of March and April, when these two payments were made. The doctrine of the application of payments is wholly irrelevant to these facts, and the case of Kenny v. Sen Si Lun, 101 Minn. 253, 112 N. W. 220, 11 L.R.A.(N.S.) 831, 11 Ann. Cas. 60, is not in point. If this case had been one where the original tenancy had terminated and the landlord was not entitled to any part of the money paid, some of the arguments of counsel would be pertinent and in point. It is not, however, such a case.

This covers all that need be said. There were no errors on the trial below, and the judgment appealed from is affirmed.